NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

MEDALLION AUTOMOTIVE SYSTEMS,
INC., Respondent.

No. 80–1585.

United States Court of Appeals,
Sixth Circuit.

July 13, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Bernard Levine, Director, Region 8, N.L.R.B., Cleveland, Ohio, for petitioner.

Mattie Lowden, Chief of Litigation Services N.L.R.B.

Michael Fawell, Lombard, Ill., for respondent.

Before LIVELY, Circuit Judge, and HARRY PHILLIPS and PECK, Senior Circuit Judges.

ORDER

This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against respondent, Medallion Automotive Systems, Inc., Perrysburg, Ohio, its officers, agents, successors, and assigns, enforcing its order dated May 30, 1980, in Case No. 8–CA–13167, and the Court having considered the same,

It is hereby ORDERED that respondent, Medallion Automotive Systems, Inc., its officers, agents, successors, and assigns, shall abide by said order as follows:

1. Cease and desist from:

(a) Discontinuing to make payments to the Toledo Area Industrial Fund Life Insurance Plan and to the Aetna Dental Plan as required by its collective-bargaining agreement with the Union.

(b) Failing and refusing to meet with the Union as requested for the purpose of discussing and resolving outstanding grievances pursuant to the terms of the current grievance procedure contained in the current collective-bargaining agreement and for the purpose of bargaining over the effects of the closure and cessation of its warehouse operations.

(c) Refusing to bargain collectively with the Union concerning rates of pay, wages, hours, and other terms and conditions of employment. The bargaining unit is:

All production, warehouse, and maintenance employees employed at the Employer's warehouse located on D Street, Willis Day Park, 30335 Oregon Road, Perrysburg, Ohio 43551; excluding all office clerical employees, engineering department employees, laboratory department employees, research department employees, technical employees, and all professional employees, guards and supervisors as defined in the Act.

(d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them in Section 7 of the Act.

2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

(a) Make all payments owed to the Toledo Area Industrial Fund Life Insurance Plan and to the Aetna Dental Plan as required by the collective-bargaining agreement with the Union.

(b) Make whole its employees by paying those employees who were laid off when respondent terminated its warehouse operations normal wages plus interest for the period and in the manner set forth in the section of this decision entitled "The Remedy."

(c) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this order.

(d) Upon request, meet with the Union for the purpose of discussing and resolving outstanding grievances pursuant to the terms of the current grievance procedure

contained in the current collective-bargaining agreement with the Union and for the purpose of bargaining over the effects of the closure and cessation of its warehouse operations.

(e) Mail an exact copy of the attached notice marked "Appendix" to International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local No. 12, and to all employees who were employed at its former place of business on D Street, Willis Day Park, 30335 Oregon Road, Perrysburg, Ohio, at the time of its closure. Copies of said notice, on forms provided by the Regional Director for Region 8, shall be mailed immediately upon receipt thereof, as hereinabove described.

(f) Notify the Regional Director for Region 8, in writing, within twenty (20) days from the date of this order, what steps respondent has taken to comply herewith.